*Exceptions overruled.*

———

ANGELO PEROTTI'S (dependent's) CASE.

Hampden. May 19, 1919. — June 24, 1919.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act,* Procedure: deposition; Dependency.

On an appeal to this court from a decree of the Superior Court, made in pro-
ceedings under the workmen's compensation act on an appeal by the claimant
from a decision of the Industrial Accident Board awarding compensation to the
widow of a deceased employee as one partially dependent upon him, the record
showed that the widow resided in Italy and was not present at the hearings, that,
at the hearing before the single board member, the counsel for the insurer ob-
jected "to all witnesses on the ground that the widow is living and the statute
provides a means for getting her testimony;" that, at the hearing upon a review
of the decision of the single member at the request of the claimant, a motion of
the claimant that she be permitted to take depositions of witnesses in Italy was
denied, the action on the subject before the single board member being referred
to in the record, and that, at the hearing before the Superior Court of an appeal
by the claimant, a motion that the case be ordered reopened by the Industrial
Accident Board for the purpose of the taking of depositions in Italy was de-
nied. *Held,* that it could not be said that there was any reason to question the
action of the single member of the Industrial Accident Board and of the full
board in refusing to request the Superior Court, under St. 1911, c. 751, Part III,

§ 3, as amended by St. 1915, c. 275, to issue a commission for the taking of the deposition.

In the case above described, no questions of law were raised at any of the hearings and it was *held*, that the decision of the Industrial Accident Board on the question of dependency, being one of fact, was final.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board, approving findings and a decision of a single member of that board, awarding compensation to Angela Perotti, widow of Angelo Perotti, a deceased employee of a subcontractor under the act.

The report of the single member of the board disclosed that the widow was not present at the hearing before him, but was represented by an attorney acting under a formal power of attorney; that at the opening of the hearing the counsel for the insurer objected "to all witnesses on the ground that the widow is living and the statute provides a means for getting her testimony."

The single member of the board found and ruled as follows:

"It appears from the evidence that during the year previous to the employee's death resulting from the injury of July 23, 1917, the only money sent home by the employee was $15 in August, 1916, and $10 on September 8, 1916, there being no evidence of any further contributions during that year.

"There was evidence that in June, 1916, a dollar was enclosed in a letter and mention made of $5 sent in a previous letter. One witness testified to having loaned the deceased $10 some time in the summer of 1916 to send home. This evidence was indefinite and too remote to be considered; therefore, the only money which can be said to have been sent by the deceased to his wife during the year previous to his death is $25.

"I find that the widow of the deceased was a partial dependent within the meaning of Part II, § 6. As the widow was not living with her husband at the time of death, within the meaning of the statute, this case is decided in accordance with the provisions of Part II, § 7 (c), and the finding made on the facts as they existed at the time of injury and death.

"Under this finding, the widow of the deceased is entitled to a weekly compensation payment of twenty-seven cents ($ .27) for a period of five hundred weeks from the date of injury."

The report of the hearing on review before the full board states:

"The claimant's motion, that she be permitted to take depositions of witnesses residing in Italy and introduce further evidence, is denied. The report of the board member shows that the insurer's counsel objected to proceeding with the hearing, on the ground that the claimant was living in Italy and that her testimony should be taken by deposition, as provided by Part III, § 3, of the act. This objection was overruled by the board member, the evidence heard, and a finding was made based upon all the evidence introduced at the hearing."

The full board affirmed the findings and decision of the single member.

There were no requests for rulings, either before the single member or before the full board.

On appeal to the Superior Court, the claimant filed a motion, containing a recital of facts and seeking that the Industrial Accident Board "be ordered to reopen the case and allow the claimant to take the deposition of witnesses in Italy." There was no affidavit in support of the motion. The case was heard by *King*, J., who denied the motion and ordered a decree confirming the decree of the board. The claimant appealed.

The case was submitted on briefs.

*S. Martinelli*, for the claimant.

*G. Gleason*, for the insurer.

RUGG, C. J. This is an appeal from a decree of the Superior Court entered in accordance with the findings and decision of the Industrial Accident Board, affirming and adopting those of the single member. It is conceded that the employee, a subject of Italy, received fatal injuries in the course and arising out of his employment by a subscriber under the act. This proceeding is brought by his widow, a resident of Italy.

At the hearing before the Industrial Accident Board a motion was made in behalf of the widow that depositions of witnesses be taken in Italy. This was denied. The reasons are not stated, but in that connection it is stated that, at the hearing before the single member, the insurer objected that the testimony of the claimant should be taken by depositions. The single member overruled the objection and proceeded with the hearing. A motion was made in the Superior Court which, although quite informal, is treated

as in substance a motion to recommit to the Industrial Accident Board in order that depositions of witnesses in Italy might be taken.

It is provided by St. 1915, c. 275, amending St. 1911, c. 751, Part III, § 3, as theretofore amended, that "Upon the written request of the board or of any member thereof," filed with the clerk of the Superior Court, commission to take depositions shall issue. The natural inference from the words of this statute is that ordinarily the decision whether such depositions ought to issue or not rests with the board or any member of it. See *Derinza's Case*, 229 Mass. 435, 438. It is not necessary to determine whether under any circumstances an unreasonable refusal by the board to make such request is reviewable. That question is not presented on this record. The claimant, although attention was called to the subject of depositions, chose to go to hearing before the single member without asking for the taking of depositions.

There is nothing on the record except bald denials of the motions for the taking of depositions. The averments in the motions are not evidence, nor can they be taken as true. There is nothing to indicate that there was any real reason in their support or that they were not denied rightly.

The findings of the single member and of the board on review as to the extent of dependency involve no question of law. Manifestly the widow, under the circumstances disclosed, was not entitled to the benefit of the conclusive presumption of dependency established by the act. *Nelson's Case*, 217 Mass. 467. The extent of her dependency upon the wages of the deceased employee was a question of fact. *Gorski's Case*, 227 Mass. 456, 460. No ruling of law appears to have been made and none was requested. The decision of the board is final on questions of fact and not open to revision. *Pass's Case*, 232 Mass. 515, and cases there collected.

*Decree affirmed.*