## PHILOMENE JACQUE'S CASE.

### Cumberland.    Opinion June 8, 1922.

*The findings on questions of fact by the Chairman of the Industrial Accident Commission, if based upon some competent evidence, drawing reasonable inferences from proven facts, are final.    The written report by the employer to the Commission in accordance with the statute is admissible in so far and in so far only as it contains statements which are declarations against interest.*

On appeal from the decree of a single Justice affirming the decision of the Industrial Accident Commission awarding damages under the Workmen's Compensation Act, it is

*Held:*

(1)   The decision must stand, as the chairman's finding that death ensued as a consequence of the accident is based upon some competent evidence, drawing reasonable inferences from proven facts.

(2)   The written report made by the employer to the Commission in accordance with the statute, stating, among other things, the nature of the accident, was admissible in so far and in so far only as it contained statements which were declarations against interest.   There was no error in its admission in this case.

On appeal by defendants.   This is a proceeding by petition by Philomene A. Jacques, claimant, as dependent widow of Archie L. Jacques, for compensation under the provisions of the Workmen's Compensation Act.   Archie L. Jacques, husband of claimant, on the ninth day of May, 1918, while working as a carpenter for the Cumberland Ship Building Company at South Portland, fell from a staging receiving injuries to his face, limbs and side.   He ceased working for two or three days and then went back and tried to work but after a few days he stopped working, and on the fifth day of June gave up his work entirely and from that time to the date of his death, April 12, 1919, he did no work.

On the day following the accident he had a hemorrhage from the mouth, and early in the following month he had other hemorrhages, and grew weaker and weaker until his death from tuberculosis.   An answer was filed by the respondent resisting compensation on the grounds that the death of the husband of claimant was not the result

of an accident arising out of and in the course of his employment, but was the result of a pre-existing disease. After a hearing on the petition the Commission awarded compensation in the sum of ten dollars per week for a period not to exceed three hundred weeks, and respondents appealed from the decree of a single Justice affirming such award.

Appeal dismissed with costs. Decree of sitting Justice affirmed.

The case is stated in the opinion.

*Emery, Waterhouse & Paquin,* for claimant.

*Andrews, Nelson & Gardiner,* for respondents.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, MORRILL, WILSON, JJ.

CORNISH, C. J.    On appeal from the decree of a single Justice affirming the decision of the Chairman of the Industrial Accident Commission awarding damages under the Workmen's Compensation Act.

Two questions are involved.

First.    The validity of the decision holding that the death of Archie L. Jacques, the husband of the claimant, was the result of an injury sustained by him arising out of and in the course of his employment by the Cumberland Ship Building Company.

The chairman so found as a fact, and this finding must stand if there was any competent evidence to support it. The defendant contends that death was due to tuberculosis and that the accident sustained no causal relation to the result.

An extended discussion of the evidence would be of slight value to the profession. It is sufficient to note that the deceased was afflicted with incipient tuberculosis of the lungs in the Fall of 1917; that on the advice of his physician he left the seacoast for the dryer air of the inland woods and spent the Winter there; that he returned home in the Spring of 1918 having gained fifteen or twenty pounds in weight; that he soon after resumed work for the defendant employer; that he met with an accident on May 9, 1918, by falling from a staging; that he resumed work after a few days but he worked only at intervals until June 10, when hemmorrhages developed and labor ceased; that tuberculosis became active and he died on April 4, 1919.

True, two physicians who never saw the deceased, testified for the defendants as experts that in their opinion, if there was no outward

and visible evidence of injury to the chest, (and there is no evidence that there was) they would not expect the incipient and dormant tuberculosis to be set up by the accident, as an exciting cause, and that therefore the hemorrhages in their view had no connection with the fall.    This, however, was merely a matter of opinion, an educated guess, and, if death ensued, it is immaterial whether that was the reasonable and probable consequence or not; the only question is whether in fact death did ensue as a result of the injury.    *Sponatski's Case*, 220 Mass., 526.    The chairman so found upon what constituted some competent evidence, drawing reasonable inferences from proven facts.    *Mailman's Case*, 118 Maine, 172.

Second.    The defendants attack the ruling of the chairman admitting in proof of the nature of the accident the written report made by the employer under date of May 10, 1918, and filed with the Commission, stating among other things that the employe was injured while doing his regular work and that "the planks of a staging slipped throwing the injured."    This report was made in accordance with the statute which requires that all assenting employers shall make prompt reports to the Commission of all accidents to their employes in the course of employment.    R. S., Chap. 50, Sec. 41.    We think the ruling was correct.    The report was signed by the manager of the service department whose authority is not questioned.    In so far and in so far only as it contained statements which were declarations against the interest of the employer the report was admissible.    Had the same statements been made in a letter they could obviously be introduced under the ordinary rules of evidence as a declaration against interest.    The fact that the report was made and filed as an official document required by law cannot detract from its admissibility.    On the other hand this fact might well add to its weight.

The Massachusetts Court have gone further and held that the statements in such a report may be considered by the Industrial Accident Board without the report being formally introduced in evidence.    The Board may take judicial notice of it.    *Carroll's Case*, 225 Mass., 203, affirmed in *Brown's Case*, 228 Mass., 31.    That question, however, is not before us.    The report in this case was formally offered and admitted.    Its admission was without error.

*Appeal dismissed with costs.*
*Decree of sitting Justice affirmed.*