### John Donovan's Case.

Suffolk.    November 16, 1922. — November 23, 1922.

Present: Rugg, C.J., De Courcy, Crosby, Carroll, & Jenney, JJ.

*Workmen's Compensation Act*, Appeal.

A decision of the Industrial Accident Board, reversing a decision by a single member of the board favorable to a claimant for further compensation due to alleged recurring incapacity resulting from a hernia for which he previously had received compensation which had been discontinued, where the report of the single member contained a résumé of the evidence before him, is not subject to review by this court if there was evidence to justify the finding of the board, and upon a certification to the Superior Court of the decision of the board with accompanying papers, a decree of that court dismissing the claim must be affirmed.

Certification to the Superior Court of a decision of the Industrial Accident Board with accompanying papers, upon an application for further compensation, reversing findings of a single member of the board and finding that the employee had not demonstrated upon all the evidence that he was or had been incapacitated as a result of any injury received in the course of or arising out of his employment by the employer since the discontinuance of compensation which previously had been granted.

In the Superior Court, the case was heard by *Sisk*, J. The record contained the report of the single member of the board,

with a résumé of all the evidence before him, and the decision of the Industrial Accident Board. Material facts are described in the opinion. By order of the judge a decree was entered dismissing the claim. The employee appealed.

*P. L. Keenan*, for the employee, submitted a brief.

*C. C. McCarthy*, for the insurer.

BY THE COURT. It is undisputed that the employee in 1917, while working for an earlier employer, sustained a hernia for which he underwent an operation. Thereafter he entered the employ of the subscriber; and in November, 1919, he sustained an injury arising out of and in the course of that employment, whereby tissues near the scar of the first operation gave way and a second operation for hernia was performed. Compensation was paid by agreement for a time, and then discontinued in January, 1920. Soon after the employee filed a request for hearing, which he subsequently withdrew. In fact he then was working for another employer. In May or June, 1921, claim was revived for further compensation for incapacity on account of the November, 1919, injury. The only question is that of such incapacity. The Industrial Accident Board found on review, reversing the decision of the single member, that the employee had not proved that he had been incapacitated, since the discontinuance of compensation in January, 1920, as a result of any injury received in the course of or arising out of his employment by the subscriber. In order to recover the employee was bound to prove that fact. *Sponatski's Case*, 220 Mass. 526. It was purely a question of fact. There was ample evidence, which need not be narrated, to justify the finding of the board. The finding of the board is not subject to review on its merits. *Pass's Case*, 232 Mass. 515. *Barbagallo's Case, ante*, 86.

*Decree affirmed.*