## RALPH EMERY WILLIAMS'S CASE.

### Oxford.    Opinion April 21, 1923.

*In industrial accident cases, findings by the Commission on questions of law are reviewable, but those of fact, if supported by any competent evidence, are final. The question of dependency is a mixed one of fact and law, but the extent of dependency is a question of fact.*

Review in industrial accident cases is limited to questions of law. Findings of fact supported by competent evidence, whether the evidence be slim or ample, are closed.

Dependency is a mixed question of fact and law determinable "as the fact may have been at the time of the injury." The extent of dependency is a question of fact.

That this claimant only was a dependent on the earnings of the deceased employee, an unmarried and childless son of hers, was found from evidence of recognized probative value. The Commissioner's ruling of the law was errorless.

On appeal. A petition for compensation under the Workmen's Compensation Act, brought by the claimant, mother of one Ralph E. Williams, unmarried and childless, who died February 28, 1921, as a result of an accident arising out of and in the course of his employment which occurred on February 21, 1921, by coming in contact, while working on an electric light pole, with an emergency wire, which at the time was supposed to be dead, but instead was carrying 2300 volts. A hearing was had on the petition and the commission found that the petitioner was wholly dependent on the son, and awarded her compensation in the sum of $15 per week, commencing March 2, 1921, and continuing for a period not to exceed three hundred weeks from the date of the accident, the total sum so paid not to exceed $3500, and respondents appealed. Appeal dismissed with costs. Decree below affirmed.

The case is fully stated in the opinion.

*Pulsifer & Ludden,* for claimant.

*Arthur L. Robinson and James A. Pulsifer,* for respondents.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, MORRILL, DEASY, JJ.

DUNN, J. In this industrial accident case the issue was, the dependency of the claimant upon the earnings of the deceased employee, an unmarried and childless son of hers, and, if dependent, the extent.

There was no evidence opposing that of the claimant and the four witnesses whom she called. Claimant was sixty-six years of age, a widow, infirm, and for property had only her savings amounting to fifty or seventy-five dollars. She and the decedent lived in different counties. After the death of her husband, which antedated the son's about four years, she lived at her brother's house; the employee having promised to pay for her support. The son's ability to make payment was limited to his earning capacity. Later the claimant did housework at different places for hire until, in her own words, "I got tired out and wished to stop," one year or more before the employee died. Then she came back to her brother's to board, where the son's promise was continuing. She paid one dollar a week for lodging in another house. The charge for board has not been paid. The son sent his mother money, but not regularly. "He gave me to understand," again to use her words, "I was not to want." When she needed money she called on him for it. Claimant added that she lived frugally because her son was defraying funeral and other charges of his father's. Plans were made, several months before the son's death, for the claimant to make her home with him. She was gathering her things together preparatory to removing there when she was told of the injury. She had deferred going to the son's on account of the illness of a niece. While the niece was in the hospital, claimant lent a helping hand in the house where she herself was boarding, without the expectation of and without receiving any pecuniary reward, the assistance which she rendered necessarily being slight. She attested positively that, for the seven months immediately preceding his death, she had been supported by the employee. This must mean, in the view of the full record, that she was wholly supported by him during that period. Other persons witnessed that she was so maintained.

The counsel who argued here was not in the case below. In his brief he pertinently observed that the record carries statements

which, if objection had been interposed, should have been excluded on the ground of inadmissibility. The record carries additionally, what perceptive quickness made him see, and that is, evidence of recognized probative value. *Mailman's Case*, 118 Maine, 172; *Larrabee's Case*, 120 Maine, 242.

The Chairman of the Industrial Accident Commission held, that the claimant only was a dependent upon the deceased employee's earnings and she wholly so. Compensation was awarded accordingly. Assigning a lack of supporting evidence the insurance carrier would upset the upholding decree. Review is limited to questions of law alone. *McDonald* v. *Pocahontas Co.*, 120 Maine, 52. Findings of fact supported by evidence are closed. Whether the evidence was slim or ample is not the question. Competent evidence was essential. But it is not for a reviewing court to say if the evidence was strong enough to justify the findings. *Hight* v. *Company*, 116 Maine, 81; *Simmons's Case*, 117 Maine, 175; *Westman's Case*, 118 Maine, 133; *Mailman's Case*, supra; *MacDonald* v. *Pocahontas Co.*, supra; *Gauthier's Case*, 120 Maine, 73; *Jacques's Case* 121 Maine, 353; *Orff's Case*, 122 Maine, 114. Massachusetts, having a like statutory provision, holds similarly. *Sponatski's Case*, 220 Mass., 526; *Pass's Case*, 232 Mass., 515; *Jakutis's Case*, 238 Mass., 308.

Dependency is a mixed question of fact and law. *MacDonald* v. *Pocahontas Co.*, supra. It always is determinable "as the fact may have been at the time of the injury." 1919 Laws, Chap. 238, Sec. 1, Par. 8. The extent of dependency is a question of fact. *MacDonald* v. *Pocahontas Co.*, supra; *Perotti's Case*, 233 Mass., 297.

At the time of his injury, the employee, who now is dead, in recognition of a moral if indeed not a legal bond of duty, was supporting his mother from his earnings, and she was entirely dependent upon such aid for her subsistence. The fifty or seventy-five dollars which claimant had is relatively so insignificant as to be a negligible factor in the inquiry of her total dependency. *Carter's Case*, 221 Mass., 105. In the case latest cited, Justice Loring says: "If the sum saved had been sufficient to constitute a means of support or a partial means of support, the existence of the savings would prevent a finding to that effect (entire dependency). But the income from the savings here in question is at the most $4 or $5 a

year, (it would be less in this case), and if the principal is used it would last so short a time that it cannot be taken to be a means of even partial support."

It remains but to say, that in the instant case the Chairman found facts from facts validly produced in evidence, and that there was no error in his ruling of the law.

*Appeal dismissed with costs.*
*Decree below affirmed.*