STEPHEN C. FOSTER'S CASE.

Cumberland.    Opinion June 6, 1923.

*An agreement for compensation, duly approved, is in effect a judgment and final*
*as to facts agreed upon.    Compensation may be granted for loss of earning*
*capacity after the expiration of the compensable period.*

In the instant case the agreement specified all three injuries and the agreed compensation was based upon all, including the injury to the thumb.

The agreement, being duly approved, has the force of a judgment, and is final and binding to the extent of the facts agreed upon and the conditions covered by them as a basis for the compensation to be paid.

The claimant under the agreement having once received compensation for the very injury which in the present petition he alleges as the basis for recovery a second compensation cannot now be allowed.    That claim is res adjudicata.

However, the employee may be entitled to compensation for actual loss of earning capacity after the specified period of fifty-five weeks.    That avenue of relief is still open to him under Section 16, and under the liberal construction which the act calls for to obviate delay, this case may be remanded to the Commission and the claimant be given leave to amend his petition and to prove, if he can, that he is entitled to compensation for total or partial incapacity after such specified period, in accordance with the principles and practice laid down in *Morin's Case*, 122 Maine, 338.

On appeal.    An appeal from a decree in accordance with the awarding by the Industrial Accident Commission of compensation on a petition to determine the extent of permanent impairment to the thumb of claimant.    Under an agreement compensation of sixteen dollars per week for fifty-five weeks was paid and after the expiration of the compensable period this petition was filed on which compensation of sixteen dollars a week was awarded for a further term of sixteen and two thirds weeks.    Appeal sustained.    Decree reversed.    Case remanded to the Industrial Accident Commission.

The case is fully stated in the opinion.

Petitioner was without counsel.

*Hinckley & Hinckley*, for respondents.

SITTING: CORNISH, C. J., HANSON, DUNN, MORRILL, DEASY, JJ.

CORNISH, C. J. Workmen's Compensation Case. Stephen C. Foster, a carpenter, was injured on September 24, 1921, while in the employ of F. W. Cunningham and Sons by an accident admittedly arising out of and in the course of his employment. The injury consisted of the loss of three fourths of the index finger, one half of the middle finger and the laceration of the end of the thumb of the left hand. An agreement for compensation was entered into between the employer and employee on October 12, 1921, on the basis of sixteen dollars per week for fifty-five weeks beginning October 1, 1921. This agreement was approved by the Commissioner of Labor on November 2, 1921.

The terms of the agreement were complied with and the claimant was paid the agreed amount in full, the compensable period ending on October 20, 1922.

On October 26, 1922, the claimant filed the pending petition to determine the extent of permanent impairment to the thumb, the language of the petition after describing the accident which had caused the loss of parts of two fingers and the laceration of the thumb, being as follows: "which has resulted in a permanent impairment to the usefulness of the thumb of the left hand, is of very little use in my work being stiff one half the length."

It is agreed that there exists a permanent impairment to the usefulness and physical functions of the left thumb amounting to thirty-three and one third per cent. The Chairman of the Industrial Commission sustained the petition and awarded compensation in the sum of sixteen dollars a week for the further term of sixteen and two thirds weeks, commencing at the expiration of the former compensable period of fifty-five weeks, and added further that in the event that the claimant was either totally or partially incapacitated for work subsequent to the end of the period of sixteen and two thirds weeks of specific compensation herein ordered paid, he be paid further compensation for such subsequent incapacity.

The insurance carrier treating this petition as one for review argues that it must be dismissed because it was not brought before the end of the compensable period of fifty-five weeks as required by Section 36 of the Workmen's Compensation Act. If this is a petition for review the point is well taken.

The pending petition is not an original petition for compensation under Section 30, because the agreement took the place of that. Nor can it be sustained as a petition for review because it was not brought within the required time. Nor does it purport to be a petition for compensation for loss of earning capacity, either partial or total, after the period of fifty-five weeks specified in the agreement, (Section 16) but it asks for the determination of the extent of permanent impairment to the thumb and compensation therefor.

This issue is practically res judicata. The original report of the accident made by the employer to the Commission in answer to the questions as to part of person injured and nature of the injury replied: "Left hand"; "First two fingers off. Thumb cut." On this representation of injuries to three different members, the agreement of settlement between the parties was made. That agreement again specifies the three injuries under the request to "describe nature of accident and the injury for which compensation is being paid" as follows: "Lost $\frac{3}{4}$ of index finger and $\frac{1}{2}$ of middle finger and tore end of thumb of left hand." The agreed compensation of sixteen dollars per week for fifty-five weeks was therefore predicated on those three injuries and the claimant agreed to accept for all those injuries, including injury to the thumb, that measure of compensation. The agreement having been approved now has the force of a judgment, and is final and binding to the extent of the facts agreed upon and the conditions covered by them as a basis for the compensation to be paid. *Maxwell's Case*, 119 Maine, 504, 507; *Morin's Case*, 122 Maine, 338, 343. The form of approval by the Commission, "Subject to review by the Workmen's Compensation Act" does not affect the situation, and cannot change the rights of the parties. "If the agreement is reviewable it is because the law makes it so; if not made reviewable by the act, the endorsement of the Commissioner cannot make it so." *Milton's Case*, 122 Maine, 437, 439.

In short the claimant under his agreement has once received compensation for the very injury which he now alleges as the basis of recovery. A second compensation cannot be permitted.

However, the employee may be entitled to compensation for actual loss of earning capacity after the specified period of fifty-five weeks. That avenue of relief is still open to him under Section 16, and under the liberal construction which the act calls for to obviate delay, this case may be remanded to the Commission and the claimant be given

leave to amend his petition and to prove, if he can, that he is entitled to compensation for total or partial incapacity after such specified period, in accordance with the principles and practice laid down in *Morin's Case*, 122 Maine, 338, supra.

> *Appeal sustained.*
> *Decree reversed.*
> *Case remanded to the Industrial Accident Commission for further proceedings in accordance with this opinion.*