MIKE CROWLEY'S CASE.

Penobscot.     Opinion January 5, 1931.

G. G. Jenkins, for employer.
Ryder & Simpson, for claimant.
Fellows & Fellows, for Insurance Company.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, THAXTER, JJ.

STURGIS, J.   The claimant, Mike Crowley, was poisoned by
carbon monoxide gas on February 18, 1929, while in the employ of
the New England Camp & Cabin Company. An open end Agree-
ment for compensation for temporary total incapacity, entered
into between the employer and employee on April 8, 1929, on the
basis of eighteen dollars per week, was approved by the Commis-
sioner of Labor on April 10, 1929.

Having paid compensation for fourteen weeks, the Insurance
Company, on June 5, 1929, claiming the employee's incapacity had
diminished or ended, filed a Petition for Review of Incapacity under
Section 37 of the Workmen's Compensation Act. Hearings were
continued from time to time to permit medical and pathological
examinations until, on September 2, 1930, the Commissioner or-
dered compensation paid the claimant at the rate fixed in the
Agreement — for total incapacity from the date of the last pay-
ment made to August 15, 1929, and from October 19, 1929, to
June 20, 1930, and for partial incapacity for the interim between
August 15, 1929, and October 19, 1929. Compensation after June
20, 1930, was ordered to be made in accordance with the Act. The
Insurance Company filed and perfected its appeal.

The pending Petition is not an original petition for compensa-

tion under the Workmen's Compensation Act. The Agreement between the employer and the employee, having been approved, has the force of a judgment and is final and binding to the extent of the facts agreed upon and the conditions covered by them as a basis for the compensation to be paid. The Agreement specifies the accident and injury as "carbon monoxide poisoning to the point of collapse" and provides for compensation "during present period of temporary total incapacity beginning February 25, 1929, due to this injury."* The poisoning, and at least temporary total incapacity due to that injury, appears to be practically *res judicata*. *Foster's Case*, 123 Me., 27. The question open on this Petition is whether such incapacity, if it continues, has subsequently increased or diminished, or has it ended.

At the hearing before the Commissioner, the evidence included the incidents of the accident and the history of the claimant's physical condition before and after it, together with reports of examinations and diagnoses of physicians. Pronouncing the claimant an arteriosclerotic suffering from mitral murmur, the physician called by the Insurer expressed the opinion that carbon monoxide poisoning was temporary only in its effects and the claimant's incapacity since a few weeks after the accident was due to other causes. Other physicians, including the impartial examiner called by the Commissioner, confirmed the diagnosis of arteriosclerosis and mitral murmur and found leukemia present, a disease of the blood characterized by an increase in the number of white corpuscles. Whether or not the plaintiff had leukemia before the accident these physicians did not know. Nor could they state the cause of that disease. But upon the assumption that leukemia did exist before the claimant was poisoned, they expressed the opinions that carbon monoxide poisoning would aggravate the disease, and, upon the history of the claimant's case, it is consistent that leukemia "aggravated his trouble and it is possibly one of the causes." Obviously, these opinions, in so far as they purport to show causal connection between leukemia and the accident, have little, if any, probative value. Sound deductions can not be drawn from mere speculation, surmise, or conjecture. *Swett's Case*, 125 Me., 389.

In a compensation case, however, as in a common law action, expert opinion evidence is not always essential to the making of sound findings of fact. The Commissioner's conclusion, if rational and natural, and based on facts proven or inferences logically drawn therefrom, must stand even though it lacks the support of expert opinion. *Syde's Case*, 127 Me., 214; *Swett's Case*, supra. Nor can the receipt of inadmissible conjectural opinion alone require reversal of the findings if there is sufficient competent evidence otherwise in the case on which the Commissioner's findings may rest. *Larrabee's Case*, 120 Me., 242; *Ross's Case*, 124 Me., 107.

The claimant testified without contradiction that, before the accident, he had worked for years without lay off or illness other than a slight headache or cold. On the night of the accident, after working four hours or more around a gasoline engine, he suddenly became dizzy and fell. He recovered consciousness about noon but was confined to his bed for three weeks. When he got up, his legs were weak and he walked with difficulty. It has become increasingly hard for him to travel upgrade or upstairs. August 14, he began doing light work around a mill, but was unable to do heavy lifting, used his legs with difficulty, and worked only part time. On the 19th of October, following, he was obliged to give up his job and has been unable to do even light work since that time. He has lost twenty-five pounds in weight and the normal strength of his legs and arms.

The decree in the present case is not based upon the medical testimony alone, nor upon the causal connection between the claimant's accident and leukemia. The Commissioner notes the difficulty, if not impossibility, of determining that leukemia existed prior to the accident. The fact remains, however, that Crowley had the accident and was incapacitated thereafter — reduced to a weakened and enfeebled condition of disability which continued up to the date of the decree and became more serious except for the period of improvement and partial incapacity noted by the Commissioner. Nor does it appear that leukemia was the sole cause of the claimant's incapacity for the period covered by the Petition.

The finding of the Commissioner is that it is reasonable, in view

of Crowley's ability to labor prior to the accident and his condition since, that the injury brought about his incapacity or aggravated a preëxisting condition, and the decree states that, "the testimony seems to clearly indicate" that Crowley was totally incapacitated on the date compensation was last paid and has so continued up to June 29, 1930, except for the period of partial incapacity already considered.

With the full history of the case before him, showing the sequence of events and the sudden transition of the claimant from health to weakness and progressive and increasing disability beginning at the time of the accident, as in *Swett's Case*, supra, it can not be said that the conclusion of the Commissioner as to the facts here in issue was not rational or supported by some evidence notwithstanding the uncertainty of the medical testimony.

*Appeal dismissed.*
*Decree affirmed.*