KILPINEN'S CASE.

Knox.        Opinion, November 8, 1934.

184

*Frank H. Ingraham*, for plaintiff.
*Robinson & Richardson*, for defendant.

Sitting: Pattangall, C. J., Dunn, Sturgis, Barnes, Thaxter, Hudson, JJ.

Dunn, J. This proceeding is under the workmen's act, for compensation for further disability. 1929 Laws, Chap. 300, now R. S. (1930), Chap. 55, Sec. 1 et seq. The Industrial Accident Commission, a single member sitting, refused to make a new award, and dismissed the petition. A justice of the Superior Court, as was his ministerial duty, rendered a decree to enforce the rights of the parties upon the facts as found by the commissioner. The case comes forward on appeal.

The employee, a quarryman, was accidentally injured on October 31, 1929, a piece of granite flying from a blast rupturing his left eyeball, the sight of the eye being eventually completely lost. The injury was an incident natural to his work, in addition to having been received within the scope of employment. Compensation was paid, in accordance with a duly approved agreement, for presumed total disability, for one hundred weeks. Final settlement receipt, dated October 26, 1931, was officially filed.

On January 5, 1932, the claimant, now appellant, brought his petition on the ground that his condition of actual partial loss of earning capacity was compensable. *Morin's Case,* 122 Me., 338, 120 A., 44; *Foster's Case,* 123 Me., 27, 121 A., 89.

He alleged that the quarry accident had resulted in loss of sight of his eye; also "caused a run down condition which developed into a high fever, and later pleurisy which developed into tuberculosis. . . ."

The statute of limitations was pleaded by the respondent, but abandoned.

In answer to the petition, there was denial that the condition existing subsequent to the one hundred week period was caused by the industrial hurt for which there had been the allowance and payment of compensation.

The issue was that of causal connection between injury to the eye and later pulmonary tubercular affliction. There was medical testimony, more or less conflicting in nature, from several witnesses; also other testimony and evidence. None need be narrated.

It was not claimed that there was any direct linking of injury and disease, but that, due to the injury, vitality of the injured person was lowered to a stage where his susceptibility to the disease was increased. Whether there is disability due to injury is a question of fact. *Pass's Case*, 232 Mass., 515, 122 N. E., 642; *Donovan's Case*, 243 Mass., 88, 137 N. E., 34. Whether there is causal relation between injury and disability is likewise a question of fact. *McCarthy's Case*, 231 Mass., 259, 120 N. E., 852.

The commissioner, on consideration of the evidence, found and decided against the claim for compensation. He determined, in effect, that the testimony which had been produced as tending to establish causative relationship, was insufficient for that purpose. The finding has support in legally admissible evidence.

"The employee," to quote from the findings, "failed to sustain the burden of proving either that any incapacity to work which has existed since the date of last payment of compensation is the result of the accident to the left eye . . . , or that any incapacity to work which has existed since the date of last payment of compensation is the result of a pre-existing physical condition which was aggravated or accelerated by the accident to the left eye. . . ."

Counsel for the appellant has argued that the decision of the commissioner is reviewable. His brief cites *Orff's Case*, 122 Me., 114, 119 A., 67, and *Ferris' Case*, 132 Me., 31, 165 A., 160. As for those cases, neither rules the one at bar. The authority of a case as a precedent is limited to the point adjudged. *Beal* v. *Warren*, 2 Gray, 447, 459.

On appeal respecting administration of the Workmen's Compensation Act, cognizance is taken of questions of law only. *Hight* v. *York Manufacturing Company*, 116 Me., 81, 100 A., 9; *Westman's Case*, 118 Me., 133, 106 A., 532; *Mailman's Case*, 118 Me., 172, 106 A., 606; *MacDonald* v. *Pocahontas Coal & Fuel Company*, 120 Me., 52, 112 A., 719; *Williams' Case*, 122 Me., 477, 120 A., 620. Decisions of the Industrial Accident Commission, upon questions of fact, are not subject to review. This has been

declared repeatedly. Some of the cases include: *Simmons' Case*, 117 Me., 175, 103 A., 68; *Westman's Case*, supra; *Mailman's Case*, supra; *Gauthier's Case*, 120 Me., 73, 113 A., 28; *Gray's Case*, 120 Me., 81, 113 A., 32; *Jacque's Case*, 121 Me., 353, 117 A., 306; *Williams' Case*, supra; *Henry's Case*, 124 Me., 104, 126 A., 286; *Weleska's Case*, 125 Me., 147, 131 A., 860; *Beverage's Case*, 126 Me., 601, 138 A., 628; *Miller* v. *Naughler Brothers*, 128 Me, 540, 146 A., 912.

The finding in the instant case, that the evidence did not show causal relation between traumatic injury and tuberculosis, cannot be set aside. *McCarthy's Case*, supra; *DePietro's Case* (Mass.), 187 N. E., 773. Findings of essential facts are conclusive on the courts. *Lemelin's Case*, 123 Me., 478, 124 A., 204.

The appeal presents no question for review.

*Appeal dismissed.*
*Decree below affirmed.*