DEPARTMENT OF HUMAN SERVICES

v.

Daniel RICHARDSON.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 12, 1993.

March 5, 1993.

Michael E. Carpenter, Atty. Gen., Raymond E. Ritchie, Asst. Atty. Gen., Augusta, for plaintiff.

Sidney H. Geller, Waterville, for defendant.

Before ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

CLIFFORD, Justice.

The Department of Human Services (Department) appeals from a decision of the Superior Court (Kennebec County, *Alexander, J.*) affirming the District Court's (Waterville, *Studstrup, J.*) dismissal of its paternity action against Daniel Richardson. Richardson successfully argued before the District Court that the claim of paternity was *res judicata* because a judgment of nonpaternity had been entered in an earlier, separate proceeding. The Department asserts that the District Court erred in dismissing the complaint because it was not a party to the prior proceeding. Alterna-

tively, the Department contends it was an indispensable party not joined in the first action. Finding no error, we affirm the judgment.

In 1983, Sue–Ann Marie Bourassa gave birth to a son. At various times during the 1980s, mother and child received AFDC and Medicaid benefits from the State of Maine. Pursuant to 19 M.R.S.A. § 498 (Supp.1992), the Department served a notice of debt on Richardson.[1] In 1990, Richardson initiated a complaint against the mother seeking a determination of the child's paternity. Richardson sent the Department a copy of the complaint but did not make the Department a party to the suit. The Department did not attempt to intervene in the case. Following a hearing at which both Richardson and the mother appeared and were represented by counsel, the District Court (Waterville, *Wescott, J.*) entered a judgment that Richardson is not the father of the child. No appeal was taken from that judgment.

■ When the Department learned of the District Court judgment, it filed its own complaint against Richardson to establish paternity.[2] In his answer, Richardson pleaded *res judicata* as a defense. *See* M.R.Civ.P. 8(c). After a hearing, the District Court dismissed the Department's complaint because of the prior determination that Richardson is not the father. Following an unsuccessful appeal to the Superior Court, the Department appealed to this court. Because the Superior Court acted as an intermediate appellate court, we review directly the District Court proceedings. *Marquis v. Chartier*, 592 A.2d 169, 171 (Me.1991).

■ The Department first asserts that it is not barred from bringing a paternity action against Richardson because it was neither a party nor in privity with a party in the first suit. For the doctrine of *res judicata* to apply, a court must find that:

1) the same parties, or their privies, are involved; 2) a valid final judgment was entered in the prior action; and 3) the matters presented for decision were, or might have been, litigated in the prior action.

*Northeast Harbor Golf Club, Inc. v. Town of Mount Desert*, 618 A.2d 225, 227 (Me. 1992) (quoting *Beegan v. Schmidt*, 451 A.2d 642, 644 (Me.1982)). Since it is clear that there is a valid final judgment of nonpaternity and that the Department was not a party to the prior action, the question presented is whether the Department was in privity with the mother.[3] We conclude that it was.

In *Northeast Harbor*, we explained that privity exists when there is a "mutual relationship ... that establishes [a] commonality of interest." 618 A.2d at 227. In this case, the relationship between the Department and the mother arises from the fact that the mother received public funds for the support of her child. In return the mother assigned to the Department her right to support during the time public assistance was paid. *See* 19 M.R.S.A. § 512 (1981). Generally speaking, the Department and the mother share an interest in establishing a child's paternity so that the mother can obtain support from the father and the Department can recoup funds it has expended on behalf of the child. This commonality of interest is demonstrated by the fact that the Department has, in the past, filed complaints for paternity, naming both itself and the mother as plaintiffs. *See, e.g., Department of Human Services v. Vining*, 617 A.2d 555 (Me. 1992). In the circumstances of this case,

---

**1.** In 19 M.R.S.A. § 495(1)(A) (Supp.1992), the legislature provided that "[w]hen no court order of support has been established, a payment of public assistance for the benefit of the dependent child creates a debt due the department from the responsible parent." Section 498 establishes a mechanism for determining the amount of the debt. It provides for notice to the responsible parent and a hearing.

**2.** The Department is authorized to bring a paternity action pursuant to 19 M.R.S.A. § 272 (Supp.1992), which provides in part:
Paternity may be determined upon the complaint of the mother, alleged father, child or the public authority chargeable by law with the support of the child.

**3.** We are not here presented with, and do not decide, the issue of privity between the mother and child.

there is both a sufficient relationship between the Department and the mother and a commonality of interest between the two to establish privity.[4]

■ In its brief on appeal, the Department alleges that the mother lied about Richardson's paternity at the hearing on the first complaint because she wanted to sever all ties with Richardson. According to the Department, this demonstrates that its interests diverge from the mother's. We do not agree. Although a showing of fraud or collusion between the mother and putative father might be sufficient to avoid the application of *res judicata*, the Department points to no evidence in the record of either fraud or collusion.

■ Next, the Department contends that *res judicata* does not apply because it has an independent cause of action against a putative father pursuant to 19 M.R.S.A. § 272 (Supp.1992).[5] The Department misconstrues section 272. It is true that the legislature has authorized four different entities to file a complaint to establish paternity: the mother, the alleged father, the child, or the public authority that has paid support for the child. This, however, does not mean the legislature intended to allow four different lawsuits to establish paterni-

ty. Rather, the intent was to delineate who has standing to bring such a suit. This is illustrated by another portion of section 272 that reads: "If paternity has been determined ..., the liabilities of the father may be enforced in the same or other proceedings by the mother, child or the public authority...." In other words, once paternity has been determined, the Department may rely on that determination; it is not expected to relitigate the issue in the event it was not a party to the action in which paternity was established. That being the case, the converse must also be true. When, as here, a judgment of nonpaternity has been entered and the Department is found to be in privity with a party to the prior action, the Department is bound by that judgment, absent a showing of fraud or collusion.[6] *See Department of Human Servs. v. Lowatchie*, 569 A.2d 197, 200 (Me.1990); *see also Odle v. Patrick*, 538 A.2d 770, 771 (Me.1988).

Finally, the Department argues that the judgment of nonpaternity must be set aside because it was an indispensable party not joined in the first action.[7] This argument is without merit. The Department acknowledges that it received from Richardson a copy of the complaint. Yet it took no

---

4. The Department's reliance on *Department of Human Servs. v. Webster*, 398 A.2d 792 (Me. 1979), for the proposition that its interests are sufficiently different from the mother's so as to avoid the application of *res judicata*, is misplaced. *Webster* involved the settlement of a paternity action in connection with the release of the putative father from future liability to the mother, not a judgment of nonpaternity. *Id.* at 793.

5. *See supra* note 2.

6. This result finds support in the *Restatement (Second) of Judgments* § 31 (1982), providing that a judgment determining a person's status (in this case, Richardson's nonpaternity) is conclusive on all other persons, with certain exceptions. The exception that would apply to the Department reads:
   **If a person has, under applicable law, an interest in such status such that he is entitled to contest its existence, the judgment is not conclusive upon him unless he was afforded an opportunity to be a party to the action[.]**
   *Id.* at § 31(2)(a). 19 M.R.S.A. § 272 gives the Department standing to seek a determination of

paternity when it has expended public funds to support a child. Therefore, the Department would be "entitled to contest" Richardson's nonpaternity unless it had an opportunity to do so in the first action. Here, the Department acknowledges receiving a copy of Richardson's complaint against the mother, but it did not seek to intervene in the case. The Department must now bear the consequences of taking no action to protect its interests.

7. M.R.Civ.P. 19(a) provides in part:
   A person who is subject to service of process shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

action to protect its interests, such as filing a motion to intervene pursuant to M.R.Civ.P. 24. Nor is the Department's claim that it was an indispensable party bolstered by its reliance on 19 M.R.S.A. § 776,[8] providing that in an action to establish a support order, if a child has received public assistance, that fact must be pleaded and the Department notified of the petition. Although a support order could have resulted if Richardson had been found to be the father, the action brought by Richardson was one to establish paternity, and, in any event, the Department was notified of the petition. Under these circumstances, the Department's claim that it was an indispensable party must fail.

The entry is:

Judgment affirmed.

All concurring.

---

**8.** 19 M.R.S.A. § 776 (1981 & Supp.1992) provides in part:

    2. *Pleading public assistance.* In an action to establish a support order, enforce a support order, amend a support order or to collect support arrearages, if the child is receiving or has received public assistance in any relevant time period, the party bringing the action shall affirmatively plead that fact.

    3. *Notice to State.* In an action to establish a support order, enforce a support order, amend a support order or to collect support arrearages, if the action relates to a period when the child has received, is receiving or will receive public assistance, a copy of the motion or petition shall be furnished by ordinary mail to the department.