USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 99-1046

 TOWN OF BOOTHBAY,

 Plaintiff, Appellant,

 v.

 GETTY OIL COMPANY,
 TEXACO REFINING AND MARKETING, INC.,
 and TEXACO, INC.,

 Defendants, Appellees.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MAINE

 [Hon. David M. Cohen, U.S. Magistrate Judge]

 Before

 Boudin, Circuit Judge,
 Bownes, Senior Circuit Judge,
 and Stahl, Circuit Judge.
 
 
 
 
 David J. Van Dyke, with whom Berman & Simmons, P.A. were on
brief for appellant.
 John J. Aromando, with whom Byrne J. Decker and Pierce Atwood
were on brief for appellees.

OCTOBER 21, 1999

 
 

 Per Curiam. This appeal concerns the question whether,
under Maine law, the doctrine of res judicata bars a town from
suing a private party for environmental damage affecting the town's
water supply insofar as the state has previously litigated and
settled claims of environmental damage against the same private
party for the same environmental harm. A detailed description of
background facts and issues is set forth in the magistrate judge's
thorough opinion below, see Town of Boothbay v. Getty Oil Co., Civ.
No. 98-125-P-DMC, Mem. Dec. at 2-8 (D. Me. Dec. 7, 1998), to which
we add only a few brief comments addressed to the specific issues
raised on this appeal.
 In this case, the defendants are allegedly responsible
for the discharge between 1939 and 1976 of gasoline from
underground storage equipment at their service station in the Town
of Boothbay, Maine ("the Town") into the surrounding groundwater. 
The Maine Department of Environmental Protection ("the State")
subsequently discovered the contamination and began cleanup
efforts. In 1990, the State discovered that the contamination had
spread to surrounding wells, and brought suit against the
defendants in Maine Superior Court pursuant to several state
environmental statutes, see Me. Rev. Stat. Ann. tit. 38, 347-A,
541-60, 561-70-G (West 1989 & Supp. 1998), seeking reimbursement
for the costs of cleanup and remediation of the affected area.
 A central demand by the State was that the defendants
finance an extension of the water line from the Town's water supply
to the contaminated properties. Partway into the litigation,
however, the State determined that other remediation schemes would
obviate the need for a water line extension; it thus dropped its
demand for a water line extension and settled with the defendants
for a lump-sum payment calculated to cover the alternative
remediation costs. The lawsuit was subsequently dismissed with
prejudice. The Town evidently did not learn of the settlement
until after it occurred, but it was aware of the State's lawsuit
and opted not to intervene.
 In 1998, subsequent to the dismissal of the state court
action, the Town brought a diversity action against the defendants
in the federal district court in Maine grounded not in the state
environmental statutes but instead in state common law claims of
trespass, negligence, nuisance, and strict liability. The most
significant component of relief sought by the Town was for the same
water line extension previously sought by the State. The
magistrate judge granted summary judgment on this claim in favor of
the defendants, reasoning that the same claim for environmental
damage was previously brought and settled by the state, and that
the Town was bound by this resolution because the issue was res
judicata and the Town was in privity with the State.
 The Town also claimed economic damages to itself due to
an alleged reduction in the property tax base. As to that claim,
the magistrate judge held that it was not barred by res judicata
but that the amount was insufficient to meet the jurisdictional
minimum so the claim should be dismissed without prejudice. 
Neither party has pursued this latter claim on appeal, but the Town
has appealed from the dismissal of its claim for environmental harm
to its citizens because of the inadequate remediation,
specifically, the failure to extend the water line.
 On this appeal, the Town mounts two attacks on the
magistrate's finding that the claim for environmental damage was
barred by res judicata. The Town's first argument is that there
was a divergence of interests between the State and the Town such
that the former did not adequately represent the latter's interest
in restoring a clean water supply to the contaminated area because
the State was only interested in recouping expenses that it had
incurred. This, says the Town, precludes a finding of privity. 
See Restatement (Second) Judgments 42(e) & cmt. f (1982). 
However, it appears from the record that the State vigorously
pursued the demand that the defendants finance a water line
extension until it determined that alternative measures would
adequately solve the contamination problem. The Town fails to
point to any facts in support of its contention that the State
acted in bad faith or unreasonably, and its say-so is insufficient
to make out a showing of misaligned interests or inadequate
representation.
 The Town's second argument is that because the state
environmental statutes under which the State brought the earlier
action reserve to municipalities and others a right against the
state environmental funds as well as a right to bring their own
lawsuits, see Me. Rev. Stat. Ann. tit. 38, 551(2), 569-A(2)
(West 1989 & Supp. 1998), the defense of res judicata is
inapplicable in this context. It is true that the determination
whether a party is deemed in privity with the state and thus barred
from bringing supplemental claims against a defendant subsequent to
a suit brought by the state is affected by the legislature's
implicit or explicit reservation of their right to bring such
claims. See generally Restatement (Second) of Judgments 41, cmt.
d. Yet in this case, the Town asserts a claim for relief which is
not supplemental to but rather the same as that previously brought
by the State. The legislature has empowered the Department of
Environmental Protection to enforce its environmental laws, see Me.
Rev. Stat. Ann. tit. 38, 541, 561 (West 1989 & Supp. 1998), and
nothing suggests that the legislature wanted to give others the
opportunity to bring the same environmental enforcement claim where
the state has already done so. See Department of Human Servs. v.
Richardson, 621 A.2d 855 (Me. 1993).
 Affirmed.