## JOHN B. FOURNIER'S CASE.

### Penobscot.    Opinion April 7, 1921.

*An injured employee injured while engaged in a kind of work or business not speci-
fied in the written acceptance filed by the employer with the Industrial
Accident Commission, can not recover.*

Appeal under Workmen's Compensation Act.

*Held:*

1.  That under R. S., Chap. 50, Sec. 3, Public Law 1919, Chap. 238, Sec. 3, an
    employer who is engaged in more than one kind of business must specify
    the particular business concerning which he desires to accept the provisions
    of the act, when he files his written acceptance with the Industrial Accident
    Commission.

2.  In this case the Jordan Lumber Company limited its acceptance to the
    saw-mill and box board business which it was carrying on at Milford and Old
    Town in Penobscot County, and the Insurance carrier specified the same lim-
    itation and also expressly excluded accidents to any employee engaged in
    the work of cutting, hauling, rafting or driving logs.

3.  The claimant was injured while in defendant's employ as a woodsman, roll-
    ing logs in a yard, in a different and independent business, a logging opera-
    tion, carried on in the big woods at or near the Katahdin Iron Works, in
    the County of Piscataquis. He was not within the scope of the acceptance
    of the employer, nor of the policy of insurance, nor of the Workmen's Com-
    pensation Act, and cannot recover.

On appeal.    This case reached the Law Court on an appeal from
the decision of the chairman of the Industrial Accident Commission.
Claimant was hired by the Jordan Lumber Company of Old Town as
a woodsman to engage in the cutting, hauling, rafting and driving of
logs in the woods, and while engaged in such work was injured.    The
employer carried on a saw-mill business at Milford and Oldtown,
and became an assenting employer under the Workman's Compensa-
tion Act by filing its acceptance with the commission, limiting its
acceptance of the act to the mill and lumber yard business at Milford
and Old Town.    The defense alleged that the company was not an

assenting employer so far as the woods operation was concerned, and that the commission therefore had no jurisdiction. The chairman held otherwise and allowed the claim, and defendant appealed. Appealed sustained. Petition dismissed.

Case is stated in the opinion.

*John B. Fournier, pro se,* for plaintiff.

*Andrews & Nelson, and W. T. Gardiner,* for defendant.

SITTING: CORNISH, C. J., SPEAR, DUNN, WILSON, DEASY, JJ.

CORNISH, C. J. Appeal by the employer and insurance company under the Workmen's Compensation Act. The facts are not in dispute. The Jordan Lumber Company, the employer, carried on a saw-mill business at Milford and Old Town, in the County of Penobscot, with box board mill and planing and moulding mills. In the Fall and Winter of 1919-1920 it also conducted a lumbering operation, cutting and hauling logs in the big woods at or near the Katahdin Iron Works in the County of Piscataquis many miles distant from Milford and Old Town. The claimant was injured on October 7, 1919, while in defendant's employ as a woodsman in this logging operation and while rolling logs in a yard in consequence of the unhooking or slipping of a chain which permitted the fall of a log from the top of a pile.

The defense is that the company was not an assenting employer so far as this woods operation is concerned and that the Industrial Accident Commission has therefore no jurisdiction in this case. The commission held otherwise and allowed the claim, but as this issue is one of law, the facts being undisputed, this finding is reviewable by this court and it cannot be sustained.

The Workmen's Compensation Act expressly provides that if the employer is "engaged in more than one kind of business, he shall specify the business or businesses in which he is engaged and concerning which he desires to come under the provisions hereof." R. S., Chap. 50, Sec. 3, Public Laws, 1919, Chap. 238, Sec. 3. In this case the employer followed strictly the instructions contained in this section and specified the precise business concerning which it did desire to come under the statutory provisions. Its written acceptance dated at Old Town, July 17, 1919, and filed with the commission under the provisions of Section 6, contains the following:

"Average number of employees 300 male.

Location of employment, Milford and Old Town, Maine.

Nature of employment, Saw mills; box mfg., wood mfg., shooks from sawed lumber only; planing and moulding mills, lumber yards."

This acceptance expressly limited the employer's business to the manufacturing industry at Milford and Old Town, and thereby excluded beyond question any other and distinct business which it might be carrying on at Katahdin Iron Works or. at any other place. The commission in its decision, in quoting the terms of this acceptance, omits, inadvertently no doubt, the "Location of the employment as at Milford and Old Town, Maine" which is of vital importance on this point.

This acceptance was filed with the commission on July 19, 1919, without objection. The employer at the same time, in compliance with the statute, filed a copy of an industrial accident insurance policy which definitely limited its application to "all factories, shops, yards, buildings and premises or other work places of the employer at Milford and Old Town, Maine," and gave the estimated payrolls upon which the premium was based, these payrolls covering these mill and lumber yard operations only. Moreover by an indorsement upon the policy it was further specified that the policy did "not cover accidents to any employee engaged in domestic service or agriculture or in the work of cutting, hauling, rafting or driving logs."

This exclusion simply emphasized the inclusion in the body of the policy. This limiting policy with its limiting indorsement was also filed with the commission without objection. There can be no doubt under this statement of admitted facts, that the Jordan Lumber Company was an assenting employer only so far as its mill and lumber yard operations, its business in Milford and Old Town, were concerned. It might have signified its liability under the Workmen's Compensation Act for accidents occurring in the separate and independent business, the lumbering operation in Piscataquis County, if it had seen fit to do so, but there is no evidence of the fact.

The decision of the commission refers to the assent as "unqualified." It is unqualified as to the business in Milford and Old Town, but goes not a step beyond those limits, and can be made to include a logging operation in Piscataquis County with no more reason than a farming operation in Aroostook County, simply because the Jordan

Lumber Company might be the owner of a farm in that County. *Shafer* v. *Parke, Davis & Co.,* (Mich.), 159 N. W., 304; *Keaney's Case,* 217 Mass., 5.

The claimant obviously was not within the scope of acceptance of the employer, nor of the policy of the insurance company, nor the Compensation Act, and the entry must therefore be,

*Appeal sustained.*
*Petition dismissed.*