### SIMON MICHAUD'S CASE.

Aroostook.    Opinion October 16, 1922.

*Claimant under the Workmen's Compensation Act not within the terms of the assent nor of the policy issued by the insurance carrier, when performing labor at a different place, and of a different kind, than that mentioned in the assent or policy, but does come within the exception specified in Sec. 4, Chap. 238, of Public Laws of 1919, hence not entitled to compensation.*

The only issue raised in this case was as to whether claimant was engaged in employment embraced within the provisions of the Workmen's Compensation Act. He was within the terms neither of the assent nor of the policy, but was within the exception of "Employees engaged in the work of cutting, hauling rafting or driving logs" specified in Public Laws, 1919, Chap. 238, Sec. 4.

On appeal by defendants. This case was taken to the Law Court on an appeal from the finding of the Chairman of the Industrial Accident Commission under the Workmen's Compensation Act, granting to claimant compensation for an injury sustained by him while in the employ of the Ashland Company on November 4, 1920, as a swamper engaged in preparing a road for a log hauler in the logging operation in the woods by said company on the Machias river. The only question involved was as to whether claimant was

engaged in employment which brought him within the provisions of the Act. The claimant was engaged in such employment in a different place, and such employment was of a different kind, than that embraced in the assent, or in the policy issued by the insurance carrier, but was within the exception specified in Public Laws 1919, Chap. 238, Sec. 4. Appeal sustained. Decree of sitting Justice reversed. Petition dismissed.

The case is sufficiently stated in the opinion.

*A. J. Fortier* and *A. S. Crawford, Jr.*, for plaintiff.

*George E. Thompson* and *Granville C. Gray*, for defendants.

SITTING: CORNISH, C. J., SPEAR, HANSON, MORRILL, WILSON, JJ.

CORNISH, C. J. Appeal under the Workmen's Compensation Act. The single question presented is whether the claimant was engaged in employment which brought him within the provisions of that Act.

The Ashland Company on June 20, 1920, filed with the Industrial Accident Commission an employers' written assent together with a copy of an industrial insurance policy issued to the Ashland Company by the Travelers Insurance Company. These two documents specified the extent of the assent and insurance. In the assent the location of the business was given as "Sheridan, Aroostook County, Maine," and "the kind of business included in assent, Lumber yard at Stockton Springs, Maine, hotel and market men." The policy was limited in its application to "all factories, shops, yards, buildings, premises or other work places of this employer . . . . at Sheridan, Maine, Aroostook County, and Stockton Springs, Maine," and the nature of the business was given as the "manufacturing and shipping of lumber, manufacturing of laths, shingles, clapboards, planing mill, saw mill, box shop and lumber yard (logging in woods excluded). Rated as saw mill, stationary; lumber yard; commercial yard only at Stockton Springs, Maine, Hotel including laundry, store risk."

Michaud, the claimant, was what is known as a swamper, engaged in cutting a log hauler road in the logging operation in the woods carried on by the Ashland Company on the Machias river, many miles from either Sheridan or Stockton Springs. He was within the terms neither of the assent nor of the policy, but was within the

exception of "Employees engaged in the work of cutting, hauling, rafting or driving logs" specified in Public Laws, 1919, Chap. 238, Sec. 4.

A similar question arose in *Fournier's Case*, 120 Maine, 191, and that case is decisive of this. Further discussion is unnecessary.

The entry will be:

> *Appeal sustained*.
> *Decree of sitting Justice reversed.*
> *Petition dismissed.*