## NELSON VAN DEUSEN'S CASE.

Berkshire.    September 15, 1925. — October 15, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Workmen's Compensation Act*, Injuries to which act applies.

One employed to do all kinds of farm work, who was injured while operating a saw used in sawing wood of the father of his employer's foreman at the father's home two miles distant from the employer's farm, may be found not to have been engaged in the usual course of the trade, business or occupation of the employer, and therefore not to be entitled to compensation under the workmen's compensation act, although there was evidence that on occasions when the employer needed extra help, or the foreman's father wanted some work done at his farm, they would as a matter of accommodation assist each other, but that nothing ever was paid to the employer for work done by his employees for the foreman's father.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board upon a claim by Nelson Van Deusen for compensation for injuries alleged to have been received while in the employ of George Church, affirming and adopting findings by a single member of the board "that the injury received by the claimant did not arise out of and in the course of his employment by George Church," and dismissing the claim.

In the Superior Court, the case was heard by *Dubuque*, J. Material findings by the Industrial Accident Board are described in the opinion. By order of the judge, a decree was entered dismissing the claim. The claimant appealed.

The case was submitted on briefs.

*F. H. Wright*, for the claimant.

*J. F. Noxon & M. L. Eisner*, for the insurer.

CROSBY, J.   The question in this case is, Did the injury received by the employee arise out of and in the course of his employment ?   There was evidence tending to show that he was in the employ of George Church, the insured, doing all kinds of farm work; that one Ruston Longdyke, the employer's foreman, was in control of the work; that on Sunday, March 16, 1924, the employee was injured while operating a saw used in sawing wood at the home of the foreman's father; that the wood was owned by the father, whose home was about two miles distant from the farm of the employer.   There was also evidence tending to show that on occasions when the employer needed extra help, or the elder Longdyke wanted some work done at his farm, they would as a matter of accommodation assist each other, but nothing was ever paid to the employer for work done by his employees for the foreman's father.

The workman's compensation act (G. L. c. 152, § 1, cl. 4) defines an employee as every person in the service of another under any contract of hire, express or implied, with certain exceptions including "one whose employment is not in the usual course of the trade, business, profession or occupation of his employer."   Although an employee may be in the employment of the insured, he is not entitled to compensation under the act if, at the time of his injury, he is not engaged in the usual course of the trade, business or occupation of the employer.   In sawing the wood under the circumstances disclosed, it could have been found that the employee was not engaged in the usual course of the business of the employer, but that it was a voluntary act on his part wholly disconnected from his regular work.

The case cannot be distinguished in principle from *Olsen's Case*, 252 Mass. 108.   It was a question of fact for the Industrial Accident Board to determine whether the injury received by the employee arose out of and in the course of his employment by Church.   The findings of the board are adverse to the employee, and are final as they are not without evidence to support them.   *Pigeon's Case*, 216 Mass. 51, 52. *Berman's Case*, 232 Mass. 453.   *Pass's Case*, 232 Mass. 515.

*Decree affirmed.*