# Paradis Case.

Aroostook.    Opinion August 22, 1928.

253

*Cyrus F. Small,* for petitioner.
*J. B. Roberts,* for respondent.

Sitting: Wilson, C. J., Philbrook, Dunn, Deasy, Barnes, Pattangall, JJ.

Dunn, J. In assenting, as he requisitely did in writing, to the provisions of the Workmen's Compensation Act, this employer, without mentioning any other business, specified his business as that of general hardware, tinsmithing and plumbing in a store and shop at Caribou, which hereinafter will be called the store.

An employment of the injured employee came within that assent. He operated trucks, hauled freight, unpacked and delivered goods, did heavy work, and at times unloaded cars. His duties varied, however, and were divided between the store and the house of his employer. At the employer's house in the morning, again at noon, and still again towards evening (one-fourth to one-third of his time each day being thus occupied), he made the kindlings, prepared the fuel, tended the fires, worked about the grounds, took care of the horses and cow, and looked after the family automobile, which he occasionally drove.

The employee was paid at the store. His wage reflected in the premium exacted by the compensation insurer, though not differently from labor or services by any of the store employees. The wage included that done by the employee at the store and house both. But the manner in which an employee is paid is not necessarily a basis for the measurement of legal responsibility. *Olsen's Case,* 252 Mass., 108.

About mid-afternoon on January 25 in 1927, having been directed by his employer to fetch his traveling bag, the employee went from the store to the house for that purpose. While waiting for the bag to be packed, the employee began to break a box for

kindlings, to be used at the house. A nail flew from the box into the employee's right eye and injured it.

An appeal has been made from the decree, which confirmed the award of compensation.

The first issue, as raised by the answer, is decisive of the case. The issue is: Had the employer assented under the compensation act for the work in which the employee received his injury?

Only an assenting employer, or, virtually the same, the insurance carrier of such employer, is obligated to pay compensation. "If an employee ----------, receives a personal injury by accident arising out of and in the course of his employment, he shall be paid compensation --------- by the employer who shall have elected to become subject to the provisions of this act." R. S., Chap. 50 as amended by 1919 Laws, Chap. 238, Sec. 11.

It is settled that, if an employer is carrying on two clearly distinct kinds of business, and he does not desire to place both under the act, he can elect which business he desires so to place. *Oxford Paper Company* v. *Thayer,* 122 Maine, 201.

Whether the maintenance of his home were, within contemplation of the compensation act, a business of this employer, it is unnecessary to decide. If keeping his house were not a business, and the maintenance of a home is not ordinarily regarded as a business for pecuniary profit, then the employee was without the beneficial protection of the act. If keeping the house were a business, then, as to such business, that the employer be shown to have assented to the act is important.

The assent of the employer is not to be extended beyond what in the usual course of the specified business is necessary, incident, or appurtenant thereto. In cases of the type under discussion it is the assent of the employer, accompanied by an insurance policy in proper form, such as was here filed, which entitles the employer to a certificate that he has conformed to the provisions of the law. R. S. supra, Sec. 6. The assent, as supplemented by the approved insurance policy and certified by constituted public authority may be said to define, with reference to the particular business or industry, the method of accident compensation on which the minds of employer and employee met.

In making kindlings of the box, while the traveling bag was be-

ing packed, this employee did nothing that was necessary or incidental to or had natural connection with getting the bag. He did that which it might have been for him to do, not then, but at another time, in laboring at the house. Be this as it may, he was injured while doing work wholly apart from any that his employer's hardware and connected business called upon the employee to do. In finding otherwise the associate legal member of the Industrial Accident Commission found fact without any supporting evidence. Such finding is error in law. It results that the decree which confirmed the award must be reversed.

*Appeal sustained.*
*Decree below reversed.*