JOHN H. EDDY

*vs.*

BANGOR FURNITURE COMPANY AND

LUMBERMEN'S MUTUAL CASUALTY COMPANY.

Penobscot.    Opinion, February 10, 1936.

*Fellows & Fellows*, for petitioner.
*James M. Gillin*, for appellants.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, JJ.

HUDSON, J. Appeal by defendants from a *pro forma* decree of a Justice of the Superior Court, affirming a decision of the Industrial Accident Commission, by which the plaintiff was awarded compensation.

On February 26, 1934, The Bangor Furniture Company conducted a wholesale and retail furniture business in the City of Bangor. The plaintiff, a carpenter by trade, having a shop at his home in Bangor, in which were installed certain motor driven machines (among which was a buzz saw), was hired by the Furniture Company to do some carpenter work on the third floor of its four-story building, consisting of "general repairs and changing rooms, *making some rooms for showing furniture* and putting up shelves and such things to show their furniture." He had nearly completed the construction of a model suite of three inside rooms, comprised of dining room, bedroom and kitchen, when, on the day mentioned, he was engaged in putting a box casing into a window in one of these rooms. Not having been supplied with sufficient material of

the right dimension, he took some seven-eighths inch thick pine boards (odds and ends) to his shop, (about one mile from the furniture store) to saw them down to a thickness of three-eighths of an inch and a width of two and a half inches. To do this, he used his power driven buzz saw and while so engaged one of the boards caught and dragged his hand onto the saw, cutting off the end of his right thumb. For this injury, he was awarded compensation.

In his petition, Mr. Eddy alleged his employment, the receiving of the injury, and that it arose out of and in the course of his employment. In denial of liability, the defendants alleged "that the injury which the above named employee alleges he sustained on February 26, 1934, was sustained by him in an occupation and a place not covered by, or within the purview of, or assent to the Workmen's Compensation Act filed by said employer, nor by the terms of the policy of industrial accident insurance issued by Lumbermen's Mutual Casualty Company, which was filed by said employer in connection with his assent to the Workmen's Compensation Act of Maine." They also denied that the injury arose out of and in the course of his employment, as well as set up other matter of defense not now necessary to state.

In order for one to recover compensation under this Act, it must appear that the employer assented to it, as well as that his injury arose out of and in the course of his employment. R. S. 1930, Chap. 55, Sec. 8. Unless there be such assent, the Commission has no jurisdiction. Even though it be assumed, without so holding, that the plaintiff were an employee rather than an independent contractor, and that his injury arose out of and in the course of his employment, he is not entitled to recover compensation without showing that his employers assent "under the compensation act for the work" in which he received his injury. *Paradis Case*, 127 Me., 252, 142 A., 863, 864.

"The assent of the employer is not to be extended beyond what in the usual course of the specified business is necessary, incident or appurtenant thereto." *Ibid.*

It is incumbent upon him to prove that the injury received was within the scope of acceptance of the employer. *John B. Fournier's*

*Case*, 120 Me., 191, 113 A., 27. If he comes not within the terms of the assent or of the policy, he may not recover compensation. *Simon Michaud's Case*, 121 Me., 537, 118 A., 425.

In the case at bar, the assent filed with the Commission described the business as "furniture and the installation of House Furn." The insurance policy states, "furniture dealer—wholesale or retail . . . ." In the policy-stated classification of employees, the word "carpenters" does not appear.

The question, then, is whether or not the building of this inside exhibition suite was "in the usual course" of the defendant's business "necessary, incident or appurtenant thereto." *Paradis Case*, supra. If not, the plaintiff can not recover; if so, he may by proving it and the additional requirements of the Act.

The Commission found as a fact that "building in the show rooms for the purposes of exhibiting furniture and thereby increasing sales was an important and usual part of the employer's regular business."

"On appeal respecting administration of the Workmen's Compensation Act, cognizance is taken of questions of law only. . . . Decisions of the Industrial Accident Commission, upon questions of fact, are not subject to review. This has been declared repeatedly." *Kilpenen's Case*, 133 Me., 183, 185, 186, 175 A., 314.

The Act itself provides:

"His decision, in the absence of fraud, upon all questions of fact shall be final." R. S. 1930, Chap. 55, Sec. 36.

"Whether the finding of fact is supported by legal evidence is the limit of passing in review. Thus is the declaratory fiat of the Legislature. . . . The finding by the Commissioner shall not be disturbed if any competent substantive evidence, or reasonable inferences therefrom, warrant it. . . . Should the ultimate conclusion that an injured employee was within the operation of the Act be based on probative facts found which fail utterly to establish the ultimate facts found, the finding could be annulled." *Noe Gagnon's Case*, 125 Me., 16, 17, 19, 130 A., 355.

". . . there must be some competent evidence to support a decree. It may be slender but it must be evidence, not speculation, surmise, or conjecture. *Mailman's Case,* 118 Maine, 172; *Butts' Case,* 125 Maine, 245"; *Mamie Taylor's Case,* 127 Me., 207, 208, 142 A., 730.

A decision of the Commissioner will not be reversed where the finding is supported by rational and natural inferences from proved facts. *Mailman's Case,* supra; *Patrick* v. *Ham,* 119 Me., 510, 111 A., 912; *Hull's Case,* 125 Me., 135, 131 A., 391.

A careful examination of the record in this case discloses no evidence whatever that the building of these show rooms was "in its usual course necessary, incident or appurtenant" to the business of the defendant as described in its assent, nor do there appear therein any proven facts from which such conclusion may be rationally and naturally inferred.

"When it is sought to establish a case by inferences drawn from facts, such inferences must be drawn from the facts proven. They can not be based upon mere probabilities." *Bennett* v. *Thurston,* 120 Me., 368, 371.

It may or may not have been the usual, the regular, the customary thing for a furniture company to build such rooms for exhibition purposes. On this evidence is wanting. It can not be supplied by judicial notice.

Furthermore, the Act expressly excludes from its beneficence "any person whose employment is not in the usual course of the business, profession, trade or occupation of his employer." R. S. 1930, Chap. 55, Sec. 2, §11.

"Although an employee may be in the employment of the insured, he is not entitled to compensation under the Act if, at the time of his injury, he is not engaged in the usual course of the trade, business or occupation of the employer." *Van Deusen's Case,* 253 Mass., 420, 421, 149 N. E., 125. (The Massachusetts Act is identical with ours in this exclusion clause.)

". . . Under such statutes" (those having this exclusion clause) "it is an indispensable condition to recovery under the

Act that claimant bring himself within the statute, it being held that the employment must come within the normal operations of the usual and ordinary business of the employer." 71 C. J., Sec. 180, page 441.

In *Uphoff* v. *Industrial Board of Illinois*, 271 Ill., 312, 111 N. E., 128, it was held that an injury received by a workman hired by a farmer to erect a broom corn shed on his farm was not received in the usual course of business of the employer.

"It is clear that the law contemplates that there may be an employment of labor, not in the usual course of the business of the employer, in which employment the risks of injury not occasioned by the employer's fault, are assumed by the workman. It would seem that occasionally renovating the rooms of a building, or the building itself, owned and occupied by the owner as a home, with paint or paper or both, is not in the usual course of the trade, business, profession or occupation of the owner, unless he is himself in the business of painting and decorating." *Holbrook* v. *Olympia Hotel Co., et al.*, 166 N. W., 876, 878 (Mich.).

In *Bargey* v. *Massaro Macaroni Co., et al.*, 218 N. Y., 410, 113 N. E., 407, Bargey, the employee, a carpenter, while working upon a partition, was killed by the collapse of the building. The Court, in denying compensation, stated:

"It was a specific act, for which Bargey was specially employed, which had no relation to the hazardous employment, except that it made more useful, within the contemplation of the employer, the building in which the employment was carried on. He was not engaged in the preparation of macaroni, even as in partitioning off a part of the residence of a physician as a professional office he would not be engaged in the occupation of practicing medicine. He was not, within the intendment of the law, an employee of the company."

In *McNally* v. *Diamond Mills Paper Company*, 164 N. Y. S., 793, the Court, in reversing the award for the claimant, said:

"Assuming that the claimant was in the employ of the paper company, I am of the opinion that he is not within the protection of the Workmen's Compensation Law. The business of manufacturing paper is a hazardous employment, and falls within group 15 of section 2 of the act. But the claimant was not exposed to the hazards of that business. His employment was of a special character. Installing this engine had no relation to the hazards of paper making, except that it increased the facilities for that purpose."

In *Dose* v. *Moehle Lithographic Company, et al.*, 165 N. Y. S., 1014, the Court, referring to the Bargey case, supra, said:

"Bargey was a carpenter, and was employed specially to do work of that character on the building wherein the hazardous business was conducted. He had no connection with that business. So here the claimant was a bricklayer, employed specially to make specific repairs to the building, and had no connection whatever with the hazardous employment conducted therein. His injury arose, not out of and in the course of the work of lithographing and printing, but of bricklaying."

For failure of proof that, at the time he received his injury, his employment was in the usual course of his employer's business and that he was doing work in the business for which his employer had assented, the plaintiff is not entitled to receive compensation.

*Appeal sustained.*