(No. 28545.— )

L. E. PHILLIPS, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(TONY GOVEIA, Defendant in Error.)

*Opinion filed May 23, 1945.*

LONDRIGAN & LONDRIGAN, of Springfield, for plaintiff in error.

L. G. PEFFERLE, of Springfield, for defendant in error.

Mr. CHIEF JUSTICE FULTON delivered the opinion of the court:

The circuit court of Sangamon county confirmed a finding of the Industrial Commission of Illinois, awarding compensation to Tony Goveia for injuries sustained while in the employment of L. E. Phillips. This court has allowed a writ of error to review the case.

Practically all of the material facts were stipulated and no disputed fact is involved in this proceeding.

On August 24, 1943, Tony Goveia was employed by L. E. Phillips, who was engaged in the printing business in Springfield, where he operated under the name of Phillips Brothers. For several years Tony Goveia was doing janitor and maintenance work at the printing shop and when not busy there would do yard work at the residence of L. E. Phillips, which was outside of the city limits of Springfield and consisted of the home and approximately ten acres of ground. In the summertime about one half of Goveia's time was spent at the residence, and he received pay from the printing shop covering the work done both at the shop and the residence. On August 24, 1943, he was trimming trees at the residence when the branch he was standing on broke and he fell to the ground, resulting in serious injuries. He was taken to the hospital, where he remained until October 25, 1943. Substan-

tial hospital services and physician's charges were incurred, and at the time of the hearing in this case Goveia was still unable to work.

The office manager for L. E. Phillips testified that while Goveia was working at the residence of Phillips he was carried on the printing-plant payroll and that the entire amount paid him was included in the payroll on which workmen's compensation insurance premiums were computed. The policy issued bore no reference to yard employees or work of that character. Apparently the printing plant was under the Workmen's Compensation Act but no coverage was carried by Phillips for work by employees at his residence.

The sole question in the case is whether, under the testimony, Goveia suffered an accidental injury entitling him to a recovery under the Workmen's Compensation Act.

It is conceded that when Goveia was working at the printing plant both he and his employer were under the Workmen's Compensation Act, but it is earnestly contended by plaintiff in error that when Goveia was engaged in yard work at the residence of his employer, L. E. Phillips, he was doing work not classified as extra-hazardous in its nature. His conclusion is that since Goveia's work was of a dual nature and he was injured in the nonhazardous branch, he was not within the act.

The theory advanced by the trial court was that Goveia's services, both at the plant and at the Phillips home, were performed under one contract of employment, and such employment was in a business that comes under the Workmen's Compensation Act.

We believe the circuit court overlooked the fact that an employee may be engaged in work of a dual nature, one branch of which may not be subject to the Workmen's Compensation Act. It must be admitted that the work of trimming trees and yard work at the residence is a business not included within provisions of section 3 of the act.

In *Seggebruch* v. *Industrial Com.* 288 Ill. 163, this court held that an employee who was injured while unloading and spreading manure over farm land of his employer was not engaged in an extra-hazardous occupation under section 3 of the Workmen's Compensation Act, although at certain times in the year he was engaged in running his employer's grain elevator. In the opinion it was stated: "Whether or not the parties hereto were under the Workmen's Compensation Act depends upon the nature of the employment and the business engaged in at the time of the injury. It is evident plaintiff in error followed a varied line of business, and the test is whether or not the defendant in error was at the time he was injured working in a line of employment which comes within the purview of section 3 of the Workmen's Compensation Act. *Vaughan's Seed Store* v. *Simonini,* 275 Ill. 477."

In the *Vaughan case* an employee was injured while attending horses in a stable on a nursery farm of his employer, who was maintaining a greenhouse and operating a warehouse and elevator. It was held that the employee was not engaged in any of the extra-hazardous occupations mentioned in section 3, and, therefore, was not subject to the provisions of the Workmen's Compensation Act. In that case the court said: "The third section refers primarily to the business and not to the person of the employer."

In *Compton* v. *Industrial Com.* 288 Ill. 41, where a janitor at a school building was occupied in trimming trees on the school grounds and sustained an injury by a fall from a tree, it was said: "Even if defendant in error, [school district] in the conduct and management of the school building, had been engaged in an extra-hazardous business, enterprise or occupation, the injury did not arise out of or in the course of the deceased's employment in that business."

In *Grossman* v. *Industrial Com.* 376 Ill. 198, this court cited with approval the following statement from 71 Corpus Juris 507: "The majority of the cases adhere to what may be called the dual capacity doctrine; that is, that an officer, director, or stockholder of a corporation will not be denied compensation merely because he is such officer, director, or stockholder if, as a matter of fact, at the time of the injury he is engaged in performing manual labor or the ordinary duties of a workman and receives pay therefor in the capacity of an employee, or if he is engaged in an employment palpably separate and distinct from the official duties falling upon him as an officer of the corporation. Hence, one of the fundamental tests of the right to compensation is not the title of the injured person but the nature and quality of the act he is performing at the time of the injury, or whether he was performing services for another under a contract of hire."

The second subsection of section 5 of the Workmen's Compensation Act, (Ill. Rev. Stat. 1943, chap. 48, par. 142,) in defining the term "employee" as used in the act, excludes "any person who is not engaged in the usual course of the trade, business, profession or occupation of his employer." It is quite apparent that the use of the employee to trim trees and do yard work at the home was not in any way related to the employer's business of printing. In other jurisdictions where employees were engaged in services in two capacities, one under a workmen's compensation act and one not, one injured in the latter class must be excluded from the operation of the act. *Kramer* v. *Industrial Com.* 31 Cal. App. 673, 161 Pac. 278; *In re Paradis' Case,* 127 Me. 252, 142 Atl. 863.

The defendant in error relies upon the case of *Stevens* v. *Industrial Com.* 346 Ill. 495, in support of the award confirmed by the circuit court. In that case compensation was awarded to an officer of a corporation where he was

engaged in employment as an employee of the company and not in the performance of the duties appertaining to his official capacity. However, he was engaged in activities directly connected with the printing business of his employer. The facts were that the president of the company gave Stevens a bill to collect from a debtor of the corporation about four blocks away. Stevens went to the debtor's place of business for that purpose and while returning from this errand he was struck by an automobile and died from the injury. At the time of the injury to Goveia, in the present case, he was not performing any service for the printing plant run by his employer, L. E. Phillips.

It is also asserted by the defendant in error that this court will not disturb the findings of the commission and the circuit court unless the decision is against the evidence. That statement is true where there is a conflict in the evidence, and, in such case, the finding of the Industrial Commission would be of great weight, but where there is no dispute as to the facts, and it is clear the judgment of the court was based upon the legal proposition as to whether or not the injured person was engaged in work which, under the circumstances in this case, brought him within the provisions of the Workmen's Compensation Act, the question becomes one of law for this court to determine. (*Marsh* v. *Industrial Com.* 386 Ill. 11.) We are satisfied that at the time of the accidental injury Goveia was not engaged in the usual course of trade, business or occupation of his employer and is, therefore, excluded from the provisions of the Workmen's Compensation Act.

We are of the opinion that the circuit court erred in approving the finding of the Industrial Commission. The judgment of the circuit court of Sangamon county is reversed and the award of the Industrial Commission is set aside.

*Judgment reversed; award set aside.*