(No. 40021.—)

HARRY FLEMING WASHER SERVICE, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Harry Fowler, Appellee.)

*Opinion filed Nov. 14, 1966.—Rehearing denied Jan. 17, 1967.*

THOMAS Q. KEEFE, of East St. Louis, for appellant.

JAMES W. MCROBERTS, of East St. Louis, (ROBERT J. HILLEBRAND, of counsel,) for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This is an appeal by the employer, Harry Fleming, sole owner and operator of Harry Fleming Washer Service, from a judgment of the circuit court of St. Clair County, affirming an award of the Industrial Commission to an employee, Harry Fowler.

Harry Fleming operated a retail appliance store and retail oil distribution company at separate locations in East St. Louis and resided in Belleville. He hired Fowler at a wage of one dollar per hour to do manual work of any kind which he was told to do, including cleaning, washing windows and the like at the store, and cleaning and mowing the yard at the bulk plant.

On September 30, 1961, Fleming, as he had done in the past with similar employees, sent Fowler to his home to do some chores. Fowler was on the payroll and was paid for work performed at the Fleming home, as well as that performed at the business establishments. While using a power mower on his employer's lawn, his left hand was caught in the blade, and he sustained permanent injuries. He was awarded compensation for partial loss of use of the index and little fingers and complete loss by amputation of the middle and ring fingers of the left hand.

Fleming was covered by a standard workmen's compensation policy for both the appliance store and the oil distribution business. He now contends, through counsel for his insurance carrier, that the injury was not covered by virtue of section 1 of the Workmen's Compensation Act, (Ill. Rev. Stat. 1961, chap. 48, par. 138.1(b)(2),) which then, in defining "employee" under the act, contained the statement, "but not including any person who is not engaged in the usual course of the trade, business, profession or occupation of his employer." (The act was amended, effective July 25, 1963, by adding the phrase to the quoted portion of the statute "unless he is so engaged at the lawful direction or instruction of his employer.")

It is conceded that if the injuries would have been sustained subsequent to the amendment they would have been compensable. It is contended, however, that since the injury occurred pior thereto, the case of *Phillips* v. *Industrial Com.* 390 Ill. 335, applies. There, the employee worked in a printing shop and also trimmed trees and did yard work at his employer's residence. His pay was received from the printing shop business and it covered the work done at both the shop and residence. The award was set aside and the concept of "work of a dual nature" was adopted. It was pointed out that one branch of the work might be subject to the act while the other was not. In reversing the circuit court which sustained the award, it was held that the em-

ployee, who was injured at the employer's residence, was not engaged in the usual course of trade, business or occupation of his employer. We believe *Phillips* and this case to be indistinguishable but feel that a reappraisal of the problem is in order, particularly since the legislative intent has been spelled out by the amendment giving the statute an effect directly opposed to the holding in *Phillips*.

There has been a variety of views on this issue, but in final analysis the cases turn on combinations of widely varying factors in applying the statutes to specific fact situations so that it would serve little purpose to review them in detail. (See Anno., 172 A.L.R. 378-405.) The factors here present have, in many cases, been made the basis for holding injuries compensable.

The employer is sole owner of his business and home. The employee was hired to do general maintenance chores at both places of business and at the home. Fleming testified that he did not have time to do the chores at his residence and that using an employee for that purpose relieved him and also completed the employee's day. Fowler was not a volunteer, but did the work at his employer's direction. The employer's counsel very fairly points out that the employee was hardly in a position to refuse since a refusal to do the work would undoubtedly have meant his dismissal. There is no reason to believe that a manual laborer such as Fowler would be aware of the fine nuances of private as opposed to business work. Performance of the work during regular working hours and payment therefor by the employing businesses, coupled with the employer's testimony that using an employee to do the residence chores relieved him, constituted a benefit to his businesses in that he could devote more time to them.

Upon consideration of all the circumstances, we are of the opinion that the work being performed at the time of the injury was performed within the purposes for which Fowler was hired and was so enmeshed with the usual business of

the employer that the injuries suffered are compensable. The *Phillips* case is overruled insofar as it is inconsistent with this opinion. The judgment of the circuit court of St. Clair County is accordingly affirmed.

*Judgment affirmed.*