(No. 41012.-

RONALD FRIEND, d/b/a Farmer Friend Elevator *et al.*, Appellee, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(John C. Pratt, Sr., Appellant.)

*Opinion filed May 29, 1968.*

ANTHONY J. MANUELE and FRANK S. CALANDRINO, both of Springfield, by appellant.

GILLIESPIE, BURKE & GILLESPIE, of Springfield, for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

John C. Pratt, Sr. appeals from a judgment of the circuit court of Sangamon County setting aside his workmen's compensation award. The issue is whether he was within the scope of covered employment at the time of injury.

He was employed by Ronald Friend, d/b/a Farmer's Friend Grain and Sales Company located at Kilbourne, in Mason County. He worked at the grain elevator dumping or hauling grain, shelling corn, running the auger and the like. In February, 1964, after he had completed wrecking work on a corn crib, he was directed to go to certain timber land on a farm owned by his employer and cut up some trees for fence posts. It was while he was so engaged that he was injured, when a tree being cut with a chain saw went out of control.

The employer points to section 3 of the Workmen's Compensation Act, which is entitled "Automatic application of act" and provides in part that nothing in the act shall be construed to apply to work done on a farm. (Ill. Rev. Stat. 1963, chap. 48, par. 138.3.) He contends that Pratt was excluded from the provisions of the Act because at the time of injury he was engaged in farm work and not in his employer's usual course of business.

We cannot accept the contention. The evidence shows that for years Pratt had frequently been sent to do tasks on his employer's farm when he was not busy at the grain elevators, and that his compensation was always in one weekly check covering the work done at both the elevator business and the farm. It is not disputed that Pratt went from his grain elevator duties to the tree-cutting work at the direction of his employer, and there is little doubt that he was in no position to refuse.

Section 1 of the Act, in defining "employee," excludes "any person who is not engaged in the usual course of the trade, business, profession or ocupation of his employer" but by amendment in 1963 there was added the phrase "unless he is so engaged at the lawful direction or instruction of his employer." (Ill. Rev. Stat. 1963, chap. 48. par. 138.1.) Pratt's injuries were sustained subsequent to this amendment, and while he was engaged in work which his employer directed him to perform. Even aside from the force of the amendment, the circumstances of this case show that the work being performed at the time was so enmeshed with the usual business of the employer as to make the injuries compensable. *Fleming Washer Service* v. *Industrial Com.,* 36 Ill.2d 272.

The circuit court erred in setting aside the award. The judgment is reversed and the award reinstated.

*Judgment reversed; award reinstated.*